UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-209

PATRICIA A. NASH                                                                                                   Plaintiff

v.

JOHN MCHUGH, SECRETARY,
UNITED STATES DEPARTMENT
OF THE ARMY, *et al.*                                                                                          Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant John McHugh's Motion to Dismiss, or Alternatively, to Transfer Case. (Docket No. 11).  Plaintiff Patricia Nash has responded, (Docket No. 12), and Defendant has replied, (Docket No. 13).  This matter is now ripe for adjudication.  For the following reasons, the Court will **GRANT** Defendants' Motion to Dismiss, or Alternatively, to Transfer Case.

## BACKGROUND

During the time period from June 1, 2011 to August 4, 2012, Nash was employed by Eagle Applied Sciences, LLC ("EAS"), a subsidiary of Bristol Bay Native Corporation ("Bristol Bay").  She worked for the Department of the Army pursuant to a contract between the Army and EAS.  Nash worked in the Behavioral Health unit, located at 2506 Indiana Avenue, Fort Campbell, KY.  (Docket No. 1).  The Defendant John McHugh lists the same street address for Nash's place of work, but with the city and state of Fort Campbell, TN.  (Docket No. 11).

Nash alleges that her direct supervisor, Christopher Egan, made "inappropriate, aggressive, and offensive sexual advances." (Docket No. 1).  Nash alleges that Egan regularly asked her if she wanted sex and called her on her personal cell phone after business hours.

1

Further, Nash alleges that Egan exposed his genitals to her in June on 2011 and describes several incidents of non-consensual and offensive touching perpetrated by Egan. Nash alleges that these events culminated in two incidents on November 3, 2011 and November 8, 2011, where Egan allegedly sexually assaulted Nash. Nash made a formal complaint with the Equal Employment Office on December 21, 2011. She alleges that before she made the complaint, she had been named as a recipient for a permanent psychologist technician position. Nash alleges that this position was taken away from her because she filed a formal complaint.

Nash brings claims alleging sexual discrimination (harassment and hostile work environment) and retaliation under 42 U.S.C. § 2000, *et seq.*, intentional infliction of emotional distress, and sex discrimination under KRS § 344.101, *et seq*. McHugh argues the Western District of Kentucky is not the proper venue for this action.

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id*. (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id*. at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.

## DISCUSSION

Nash alleges that she was subjected to retaliation and discrimination on the basis of her sex by her employer. Additionally, she has filed a decision of the U.S. Equal Employment Opportunity Commission noting her right to sue. McHugh argues the Western District of Kentucky is not the proper venue for this action pursuant to 42 U.S.C. § 2000(e)–5(f)(3).

42 U.S.C. § 2000(e)–5(f)(3) controls the venue for cases brought under Title VII. It states:

> (3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have

> been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000(e)–5(f)(3). "This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination." *Darby v.. U.S. Dep't of Energy,* 231 F.Supp.2d 274, 277 (D.D.C.2002). Only one of Title VII's venue provisions must be satisfied for venue to be proper. *Turnley v. Banc of America Inv. Servs. Inc.*, 576 F.Supp.2d 204, 212 (D.Mass.2008).

McHugh argues that venue is not proper under any of the three venue provisions. The first provision states that venue is appropriate in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000(e)–5(f)(3). Nash lists the address of her place of work as being located in Fort Campbell, Kentucky. (Docket No. 1). Further, she argues that because the unlawful employment activities took place at Fort Campbell, which is federal property straddling both Kentucky and Tennessee, venue is appropriate in either state. McHugh provided the declaration of Robert G. Brundage, the Installation Geospatial Information and Services Manager for Fort Campbell. (Docket No. 11-1). Brundage is responsible for geospatially tracking the location of real property in and around Fort Campbell. He analyzed the location of the building located at 2506 Indiana Avenue and concluded that although it has a Kentucky mailing address, the installation actually straddles the state line; he stated that the building where Nash was employed is located in Montgomery County, Tennessee. Similarly, Nash alleges that were she not subject to retaliation, she would

have been given a different position, still located in the same building.  Thus she argues that this makes venue appropriate under the third provision as well, which gives venue "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000(e)–5(f)(3).  Again, Nash and McHugh contest which state the building at 2506 Indiana Avenue is located in.  The Court finds that because the installation is technically located in the state of Tennessee, venue is not appropriate under the first or third provision of the statute.

The second statutory provision states that venue is proper in the "judicial district in which the employment records relevant to such practice are maintained and administered."  42 U.S.C. § 2000(e)–5(f)(3).  Nash does not argue that venue is proper under this provision, noting that as discovery has not yet occurred, she is unsure where employment records are kept.  McHugh argues that as Nash was an employee of EAS and Bristol Bay, the employment records would not be maintained at Fort Campbell by the Army, with the exception of her complaint filed at the Fort Campbell EEO office.  McHugh argues that the EEO office is located in the state of Tennessee.  Thus, it does not appear that venue is proper under the second statutory provision.

Although the Court has decided that venue is not proper in the United States District Court for the Western District of Kentucky, the Court declines to dismiss the case. Rather, it will transfer the case to the United States District Court for the Middle District of Tennessee.  The Court finds that the transfer of this case would "be in the interest of justice" under 28 U.S.C. § 1406(a).  Accordingly, the Court will **GRANT** Defendant's motion and transfer this case to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, or Alternatively, to Transfer Case, (Docket No. 11), is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the Middle District of Tennessee.